Henry James LADD, Plaintiff,

v.

STATE OF MISSISSIPPI, the Panola County Circuit Court, Batesville, Mississippi, Defendants.

No. WC 75–20–S.

United States District Court, N. D. Mississippi, W. D.

March 24, 1977.

Henry James Ladd, pro se.

A. F. Summer, Atty. Gen., State of Miss., Jackson, Miss., for defendants.

### MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Henry James Ladd (plaintiff), an inmate of the Mississippi State Penitentiary at Parchman, Mississippi has filed a pro se "Motion for Writ of Mandamus" against "The State of Mississippi, The Panola County Circuit Court, Batesville".

Plaintiff seeks an order of the court to compel the Circuit Court of Panola County (state court) to furnish him "a certified

copy of all records, papers, judgements (sic), decrees and entries on file, lodged or which shall remain in your possession pertaining to the styled case listed as *State of Mississippi v. Henry James Ladd* in the Circuit Court of Panola County, on or about October 24, 1974, at Batesville, Mississippi".

The motion was accompanied by affidavit of poverty sufficient at law to meet the requirements of 28 U.S.C. § 1915. The motion and affidavit, according to court rules, were referred to the full-time magistrate for consideration. The magistrate entered an order, dated February 20, 1975, wherein plaintiff was granted permission to proceed in forma pauperis pursuant to the statute above-mentioned. The order provided that no process should issue until further order of the court.

The clerk filed the motion, affidavit, and order on February 21, 1975, and entered the case on the docket of the court.

■ The court has now had an opportunity to review the file to determine whether plaintiff has stated a cause of action and should be permitted to prosecute the action in forma pauperis. In making the determination, the court recognizes the well established rule that the most liberal construction should be given to the pro se motion.

It appears that plaintiff was convicted of murder in the state court on or about October 24, 1974, and is now incarcerated in the Mississippi State Penitentiary on a sentence imposed on account of the conviction.

Ladd alleges that his imprisonment is the result of an illegal judgment of conviction and that his detention is unjust and contrary to law. He does not say how, why, or in what manner, the judgment is illegal or the detention contrary to law. He has not instituted any action in the state court to set aside the conviction, nor has he advanced any reason or ground for the assertion that he has been deprived of any federally protected right.

If the conviction was the result of a trial, plaintiff could have perfected an appeal to the Mississippi Supreme Court, Miss.Code Ann. § 99–35–101 (1972). On a showing of inability to give an appeal bond or deposit a sufficient sum of money to cover costs, plaintiff could have appealed without bond or deposit of costs and the judgment would have been stayed. Miss.Code Ann. § 99–35–105 (1972). It is evident that plaintiff did not appeal from the judgment otherwise he would not be incarcerated in the penitentiary at this time. An appeal could have been perfected by plaintiff at anytime within 45 days next after the rendition of the judgment. Miss.Code Ann. § 11–51–5 (Supp.1976). In the event of appeal, plaintiff would have been afforded a transcript of the court reporter's notes at the expense of Panola County. Miss.Code Ann. § 9–13–33(6) (Supp.1976).

■ Plaintiff cites in support of his motion, two Supreme Court cases, *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1956) and *Mayer v. Chicago*, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971). In each of these cases the defendant desired an appeal of his conviction to an appellate court and a transcript of the trial court proceedings was necessary to support the appeal. Each defendant was destitute and could not pay for the transcript. In *Griffin*, Justice Black, speaking for the court, said "[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." 351 U.S. at 19, 76 S.Ct. at 591. In *Mayer*, the court concluded "that appellant cannot be denied a 'record of sufficient completeness' to permit proper consideration of his claims." 404 U.S. at 198, 92 S.Ct. at 416. Each of these cases, as noted above, dealt with an appellate record. Such is not the case in the action sub judice. Plaintiff seeks a complete certified copy of the file in the state court proceedings. He does not mention the court reporter's transcript. He did not seek an appeal. The court can take judicial notice that in Mississippi trial courts notes of the court reporter are not transcribed except for purpose of appeal, or at the request of an interested party upon payment of the proper fee.

■ Plaintiff refers the court to Miss. Code Ann. § 97–11–17 (1972) which makes it a criminal offense, punishable as a misdemeanor for a court clerk to refuse to furnish a certified copy of any record in his office upon request and upon payment therefor in advance. This statute is not applicable to the request of plaintiff.

■ Plaintiff's desire for a transcript of the court file, without more, does not create a federally protected right, of which this court can take cognizance. The Supreme Court in *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), said

> In prior cases involving an indigent defendant's claim of right to a free transcript, this Court has identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript. 404 U.S. at 227, 92 S.Ct. at 434. (footnote omitted)

Plaintiff's claim does not fall within either of the factors mentioned in *Britt*.

In the case of a prisoner desiring to attack his federal sentence under 28 U.S.C. § 2255, the Supreme Court, in *United States v. MacCollum*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976), observed

> We conclude that the fact that a transcript was available had respondent chosen to appeal from his conviction, and remained available on the conditions set forth in § 753 to an indigent proceeding under § 2255, afforded respondent an adequate opportunity to attack his conviction. To hold otherwise would be to place the indigent defendant in a more favorable position than a similarly situated prisoner of some, but not unlimited, means, who presumably would make an evaluation much like that prescribed in § 753(f) before he spent his own funds for a transcript. 426 U.S. at 328, 96 S.Ct. at 2093, 48 L.Ed.2d at 676.

The United States Court of Appeals for the Fifth Circuit has held in a number of cases "that a federal prisoner is not entitled to obtain copies of court records at government expense to search for possible defects, merely because of his status as an indigent. *Cowan v. United States*, 445 F.2d 855 (5th Cir. 1971), and cases therein cited.

■ The court is of the opinion that plaintiff's motion, considered in the most favorable light, is not meritorious and should be summarily dismissed as frivolous. 28 U.S.C. § 1915(d).

Accordingly, the court will enter an order dismissing the action.